Robert A. Bailey (# 214688)
rbailey@afrct.com
Grace Kang (# 229464)
gkang@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone: (626) 535-1900
Facsimile: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A., successor
by merger with Wells Fargo Bank
Southwest, N.A., f/k/a Wachovia Mortgage,
FSB, f/k/a World Savings Bank, FSB (sued
as "Wachovia Mortgage Corporation")
("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| PAULETTE SCHAEFFER, | CASE NO.: 3:12-CV-02031-RS |
| Plaintiff, | [The Honorable Richard Seeborg] |
| v. | **DEFENDANT WELLS FARGO'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT** |
| WACHOVIA MORTGAGE CORPORATION, a Division of WELLS FARGO, N.A.; CAL WESTERN RECONVEYANCE, | Date: July 12, 2012<br>New Date: August 23, 2012<br>Time: 1:30 p.m.<br>Ctrm: 3, 17th Floor |
| Defendants. | |

TO PLAINTIFF AND HER COUNSEL OF RECORD:

93000/FR0367/00419601-1

CASE NO.: 3:12-CV-02031-RS
TABLE OF CONTENTS

# TABLE OF CONTENTS

Page

1. PLAINTIFF DOES NOT OPPOSE DISMISSAL MULTIPLE CLAIMS AND THUS, THOSE CLAIMS SHOULD BE DISMISSED ................................................................. 1

2. THIS COURT AGREED THAT THIS CASE ARISE IN PART OR WHOLE FROM THE CLASS ACTION CASE ............................................................................................ 1

3. HOLA PREEMPTS PLAINTIFF'S CLAIMS .................................................................. 2

   i. HOLA Preempts Plaintiff's Section 2923.5 Claim. ................................ 2

4. PLAINTIFF OFFERS NOTHING TO OVERCOME THE DEFECTS IN HIS FIRST AND SIXTH CLAIMS FOR BREACH OF CONTRACT AND BREACH OF GOOD FAITH AND FAIR DEALING ............................................................................. 4

5. PLAINTIFF OFFERS NOTHING TO OVERCOME THE DEFECTS IN HIS SECOND CLAIM FOR PROMISSORY ESTOPPEL. ......................................................... 4

6. PLAINTIFF OFFERS NOTHING TO OVERCOME THE DEFECTS IN HIS THIRD AND FOURTH CLAIM FOR FRAUD AND CAL. CIV. CODE § 1710. .......... 4

7. PLAINTIFF OFFERS NOTHING TO OVERCOME THE DEFECTS IN HIS FIFTH CLAIM FOR CAL. CIV. CODE § 2923.5. ............................................................. 5

8. CONCLUSION ................................................................................................................. 5

Anglin Flewelling Rasmussen Campbell & Trytten LLP

1. **PLAINTIFF DOES NOT OPPOSE DISMISSAL MULTIPLE CLAIMS AND THUS, THOSE CLAIMS SHOULD BE DISMISSED.**

Plaintiff substantially opposes only four of the six claims for relief. The unopposed claims are: Violation of California Civil Code § 1710 (fourth claim); breach of the covenant of good faith and fair dealing (sixth claim).

Plaintiff fails to oppose dismissal of these claims presumably because they concede that it is not a claim for which relief can be granted. See Motion to Dismiss ("Motion" or "MTD"), p. 18, 20-21. Accordingly, these claims should be dismissed without leave to amend. *See Hiller v. United States,* 2008 U.S. Dist. LEXIS 118862, 6-7 (N.D. Cal. Feb. 14, 2008) (granting unopposed motion).

2. **THIS COURT AGREED THAT THIS CASE ARISE IN PART OR WHOLE FROM THE CLASS ACTION CASE.**

This Court agreed with Wells Fargo that Plaintiff's claims "arise in part or in while from her assertion that defendants have failed to comply with the terms of a settlement reach in *In Re Wachovia Corporation "Pick-A-Pay" Mortgage Marketing and Sales Practices Litigation*, Case No. 5:09-md-2015 JF (the "Class Action"). See, Court Order denying Motion for Preliminary Injunction dated June 26, 2012 (Docket #22). See also MTD, p. 7-10.[1] Plaintiff does not disagree. Opp., 2:1-3:22. However, Plaintiff misreads the MTD, Wells Fargo does not advocate that the case be heard in Central District, but that Plaintiff file an appropriate motion in the Class Action, or alternatively, that Judge Fogel preside over the instant action. MTD., p. 7-9.

As such, this case should be dismissed and Plaintiff to bring an appropriate motion before Judge Fogel in the Class Action. Alternatively, Judge Fogel should preside over this case.

---

[1] The *Mandrigues* case was the lead case in the Class Action before the name was changed to *In Re Wachovia Corp. "Pick-A-Payment" Mortgage Marketing and Sales Practice Litigation* after assignment from the Judicial Panel on Multidistrict Litigation. *See In re Wachovia Corp. "Pick-A-Payment" Mortg. Mktg. & Sales Practices Litig.,* 2011 U.S. Dist. LEXIS 55351, *5 (N.D. Cal. May 17, 2011).

**3. HOLA PREEMPTS PLAINTIFF'S CLAIMS.**

Citing to one statute, Plaintiff argues that HOLA does not her state law claims. Opp., 5:4-6:13. She is mistaken.

Most, if not all of Plaintiff's claims are premised on the Class Action Settlement Agreement resolving claims related to loan origination, processing and/or servicing of the loan and participation of mortgages, including review of loan modification applications reviews. Complaint, ¶¶15-20, 23-25, 27-29. (Breach of contract claim based on alleged failure to consider Plaintiff for loan modification per Settlement Agreement, Complaint, ¶¶27-29; promissory estoppel based on alleged breach of promise to allow Plaintiff to go through loan modification process, ¶¶34-37, 39-40; fraud claim based on alleged representations that loan modification would go forward, Complaint ¶¶44-45; Civil Code § 1710 violations based on alleged representations that Plaintiff would be fairly considered for loan modification, Complaint, ¶53; breach of good faith and fair dealing based on alleged breach of Settlement Agreement, Complaint ¶¶67-69).

These claims still fall squarely within section 560.2(b)(10), which lists laws affecting a federal savings bank's investment or participation in mortgages. Such claims are preempted by HOLA. *See Unlu,* 2011 U.S. Dist. LEXIS at *10; *Hague,* 2011 U.S. Dist. LEXIS at *10; *Ahmed,* 2011 U.S. Dist. LEXIS at *8-10.

**i. HOLA Preempts Plaintiff's Section 2923.5 Claim.**

Plaintiff also challenges foreclosure proceedings, claiming violations of Civil Code § 2923.5 (Complaint, ¶¶58-64) and that Wells Fargo is not the lender or beneficiary of the Note seemingly because its predecessor sold the note into a mortgage backed securities pool. Complaint, ¶14; *see also* Plaintiff's Application for Preliminary Injunction ("Application"), 2:22-28. Plaintiff alleges that "WACHOVIA never contacted plaintiff to discuss options available to plaintiff in order to avoid foreclosure." Complaint, ¶¶60, 63.

However, federal courts have uniformly held that HOLA preempts section 2923.5 claims. *Unlu v. Wells Fargo Bank NA*, 2011 U.S. Dist. LEXIS 141992 (N.D. Cal. Dec. 9, 2011) (Davila, J.) ("Regarding the tenth claim under § 2923.5, 'the overwhelming weight of authority has held

1 that a claim under section 2923.5 is preempted by HOLA.'") (*quoting Taguinod v. World Savings Bank,* 755 F. Supp. 2d 1064, 1074 (C.D. Cal. 2010); *see also, Becker v. Wells Fargo Bank, N.A., Inc.*, 2011 U.S. Dist. LEXIS 29687, 56-58 (E.D. Cal. Mar. 21, 2011) (HOLA preempted claims based on allegation that defendants were not the "true holder" of the note).

This Court held that Civil Code § 2923.5 claims were preempted by HOLA, reasoning that "§ 2923.5 . . . fall[s] squarely within § 560.2(b)(1), preempting '[p]rocessing, origination, servicing, sale or purchase of, or investment or participation in, mortgages.'" *Giordano v. Wachovia Mortgage, FSB,* 2010 U.S. Dist. LEXIS 136284, at *11 (N.D. Cal. Dec. 14, 2010, J. Fogel) (citing *Nguyen v. Wells Fargo Bank, N.A.,* F. Supp. 2d, 2010 U.S. Dist. LEXIS 113246, 2010 WL 4348127, at *10 (N.D. Cal. Oct. 27, 2010) (claims under § 2923.5 preempted); *Quintero Family Trust v. OneWest Bank, F.S.B.,* 2010 U.S. Dist. LEXIS 63659, 2010 WL 2618729, at *6-7 (S.D. Cal. June 25, 2010) (claims under § 2923.5 preempted).

Addressing *Mabry*, the Court held that "state laws governing foreclosure proceedings affect lending . . . [and] [a]ccordingly, there is a presumption that those state laws are preempted." *Giordano v. Wachovia Mortgage, FSB,* 2010 U.S. Dist. LEXIS 136284, at *12 (N.D. Cal. Dec. 14, 2010) (referencing *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010)). "[A] state statute that imposes additional disclosure and communications obligations upon a lender prior to commencement of foreclosure proceedings is not 'incidental' to lending." *Id.* at *13. Here, World Savings was a federal savings bank that was organized and was operating under HOLA.[2] RJN, Ex. C-E. Plaintiff's Section 2923.5 claim is therefore preempted.

///

///

---

[2] HOLA still applies even though World Savings Bank, FSB was ultimately merged into Wells Fargo Bank, N.A., the current defendant. *Unlu*, 2011 U.S. Dist. LEXIS 141992 (dismissing § 2923.5 claim without leave to amend as against Wells Fargo Bank, N.A.); *DeLeon v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 62499, *17 (N.D. Cal. June 9, 2010) ("Wells Fargo notes that at the time the loan was made to the DeLeons [plaintiff], 'World Savings Bank, FSB was a federally chartered savings bank organized and operating under HOLA' and observes correctly that the same preemption analysis would apply to any alleged misconduct after November 1, 2009, when the lender merged into a national savings banking association.").

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

### 4. **PLAINTIFF OFFERS NOTHING TO OVERCOME THE DEFECTS IN HIS FIRST AND SIXTH CLAIMS FOR BREACH OF CONTRACT AND BREACH OF GOOD FAITH AND FAIR DEALING.**

Without any authority, Plaintiff asserts that she does not claim entitlement to a loan modification (Opp., 6:18-24) and that she was part of a class who was to benefit from a loan modification. Opp., 10:2-9.

First, Plaintiff does allege entitlement to a loan modification. MTD, p. 14; Complaint, ¶28. Second, Plaintiff still fails to address the defects of her breach of contract claim, that she has not alleged her own performance or excuse for nonperformance and has not alleged a breach of the settlement agreement. MTD, p.14-15. Nor does she address the failure to allege her performance or failure to allege specific provisions that were frustrated in the settlement agreement for her breach of good faith and fair dealing claim. MTD, p. 20-21.

For these reasons, Plaintiff's claims should be dismissed without leave to amend.

### 5. **PLAINTIFF OFFERS NOTHING TO OVERCOME THE DEFECTS IN HIS SECOND CLAIM FOR PROMISSORY ESTOPPEL.**

Without addressing the merits of the MTD, Plaintiff argues that a clear promise existed for Plaintiff to be fully and fairly considered for a loan modification. Again, a clear promise was never alleged and thereby would be impossible for this Court to enforce. MTD, p. 15. Even if Plaintiff's Complaint could be construed to allege some sort of promise, that promise was fulfilled by the mechanisms and procedures in place and approved by Judge Fogel to verify that class members were considered for a loan modification. Plaintiff admits, that she was considered and denied, but was unsatisfied with the results. MTD, p. 7, 15; RJN, Ex. I. Finally, Plaintiff is not entitled to a loan modification and thereby cannot dictate how Wells Fargo decides to evaluate a loan modification application. MTD, p. 15.

### 6. **PLAINTIFF OFFERS NOTHING TO OVERCOME THE DEFECTS IN HIS THIRD AND FOURTH CLAIM FOR FRAUD AND CAL. CIV. CODE § 1710.**

Again, failing digest Wells Fargo's arguments and supporting documents, Plaintiff insists that a valid fraud and deceit claim exists because the loan is allegedly "securitized," that a proper

Anglin Flewelling Rasmussen Campbell & Trytten LLP

1  assignment was not recorded before Wells Fargo allegedly took over the loan and that Wells
2  Fargo is not holder of the note and mortgage.  Opp., 8:5-9:8.
3    A simple reading of Wells Fargo's MTD and review of its corporate documents show that
4  the loan was not securitized, that no assignment was needed and that Wells Fargo, in fact, owns
5  the note and deed of trust.  MTD, p. 7, 16-18; RJN, Exs. C-E.  Because Plaintiff fails to address
6  Wells Fargo's arguments (i.e., lack of tender, failure to plead fraud with specificity, that Plaintiff
7  is not entitled to a loan modification and that Wells Fargo owes no duty to Plaintiff to disclose
8  how it underwrote the loan.  See MTD, p. 16-18.), Wells Fargo should prevail on these claims.

9  **7.    PLAINTIFF OFFERS NOTHING TO OVERCOME THE DEFECTS IN HIS FIFTH**
10      **CLAIM FOR CAL. CIV. CODE § 2923.5.**

11   Plaintiff still fails to address her lack of tender to challenge the foreclosure sale, that the
12  sale was postpone again to July 13, 2012 and that HOLA preempts Section 2923.5 as detailed
13  above.  Opp., 9:10-26; MTD, p. 19-20.  Plaintiff completely fails to address the tender argument
14  and misreads HOLA.  Even if Plaintiff could convince this Court that postponement of the sale
15  doesn't not render her Section 2923.5 claim moot, she still fails to address the other arguments.
16  This claims should be dismissed without leave to amend.

17  **8.    CONCLUSION.**
18   Wells Fargo respectfully requests that the Court dismiss this meritless action with
19  prejudice.

20                    Respectfully submitted,
21  Dated:  June 27, 2012          ANGLIN, FLEWELLING, RASMUSSEN,
                                   CAMPBELL & TRYTTEN LLP
22
23                    By:  */s/ Grace B. Kang*
                           Grace B. Kang
24                         gkang@afrct.com
                      Attorneys for Defendant
25                    WELLS FARGO BANK, N.A., successor by
                      merger with Wells Fargo Bank Southwest, N.A.,
26                    f/k/a Wachovia Mortgage, FSB, f/k/a World
                      Savings Bank, FSB ("Wells Fargo") (named
27                    herein as "World Savings, Inc.; Wachovia
                      Mortgage Corporation; Wells Fargo Bank, N.A.")
28

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS COMPLAINT**

on the interested parties in said case as follows:

*Served Electronically Via the Court's CM/ECF System:*

*Counsel for Plaintiff:*

Michael Worthington, Esq.
MICHAEL WORTHINGTON, APC
15760 Ventura Blvd., Suite 700
Encino, CA 91436

mworthington@intlawctr.com
Tel: 818.907.1696

☒   FEDERAL: I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **June 27, 2012**.

| Nancy J. Peters | *Nancy J. Peters* (signature) |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |